E-FILED
Friday, 26 February, 2016  05:03:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| **VIZIENT, L.L.C., d/b/a VIZIENT MANUFACTURING SOLUTIONS**, an Iowa limited liability company,<br><br>   Plaintiff,<br><br>v.<br><br>**VIZIENT, INC.,** a Delaware corporation,<br><br>SERVE:<br>Melissa S. Dillenbeck<br>Attorney on behalf of:<br>Vizient, Inc.<br>290 East John Carpenter Freeway<br>Irving, TX 75062<br><br>   Defendant. | CIVIL ACTION NO: 4:16-cv-4044 |

## COMPLAINT

Plaintiff Vizient, L.L.C., d/b/a Vizient Manufacturing Solutions (hereinafter "Vizient") states the following Complaint against Defendant Vizient, Inc. (hereinafter "VZI"):

## PARTIES

1. Vizient is a limited liability company organized and existing under the laws of the State of Iowa, having its principal place of business and corporate office located at 3129 State Street, Bettendorf, IA 52722.

2. Upon information and belief, Vizient, Inc. is a Delaware corporation having a principal place of business and corporate office located at 290 East John Carpenter Freeway, Irving, TX 75062.

1

**JURISDICTION AND VENUE**

3. This is a civil action arising primarily under the Lanham Act, 15 U.S.C § 1051, *et seq.*, for federal trademark infringement and unfair competition.

4. This Court has jurisdiction over the subject matter of Plaintiff's claims pursuant to 15 U.S.C. § 1121 (actions arising out of the Lanham Act), 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (general jurisdiction for trademark actions).

5. This Court has personal jurisdiction over Plaintiff because Vizient conducts a substantial portion of its business in this District and has established systematic and continuous activity in this District.

6. This Court has personal jurisdiction over Defendant because VZI conducts or has conducted business in this District, maintains a corporate office in the state of Illinois, has established systematic and continuous activity in this District, and because it has committed and continues to commit acts of infringement and unfair competition in this District.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**RELEVANT FACTS**

8. Vizient is the owner of the following federally registered trademarks: VIZIENT MANUFACTURING SOLUTIONS (U.S. Registration No. 4,665,870, the "'870 Mark") for the words only and for use on "Industrial robots and replacement parts therefor; robotic welding system comprised primarily of industrial welding robots and replacement parts therefor; robotic material handling systems comprised primarily of industrial material handling robots and replacement parts therefor" in International Class 007 ("IC 007") and VIZIENT MANUFACTURING SOLUTIONS (U.S. Registration No. 4,665,869, the "'869 Mark,"

hereinafter collectively, the "Registered Marks") for use on "Industrial robots and replacement parts therefor; robotic welding system comprised primarily of industrial welding robots and replacement parts therefor; robotic material handling systems comprised primarily of industrial material handling robots and replacement parts therefor" in IC 007. Vizient is also the owner of a federal trademark application for registration for the mark, VIZIENT (U.S. App. Ser. No. 86/888,214 "Mark Application") for use on "Industrial robots and replacement parts therefor; robotic welding system comprised primarily of industrial welding robots and replacement parts therefor; robotic material handling systems comprised primarily of industrial material handling robots and replacement parts therefor" in IC 007 (the goods of the Registered Marks and Mark Application, collectively, the "Registered Goods").

9. VIZIENT is also the owner of common law trademark rights in and to "VIZIENT" and "VIZIENT MANUFACTURING SOLUTIONS" and the stylized wording of the same (hereinafter, collectively, the "Common Law Marks") for the goods covered by the Registered Marks, as well as related services, namely, distribution of information over the internet of various goods related to industrial robotics, as well as engineering and engineering design services (the "Services").

10. The term "Vizient" in the Registered Marks, Mark Application, and Common Law Marks (together, the "Marks") is an arbitrary term with no meaning apart from its use by Plaintiff in its marks, and thus Vizient is inherently distinctive of the Goods, and not descriptive or generic, entitling the Registered Marks to the broadest scopes of protection.

11. Plaintiff Vizient has previously advertised, distributed, and sold, or currently advertises, distributes, and sells, the Goods and Services under the Marks throughout the United States including, but not limited to, the State of Illinois.

12. Plaintiff has used the Marks in commerce since at least as early as 2002, and therefore has created substantial goodwill in the Marks.

13. Upon information and belief, Defendant VZI is the new entity formed by the merger of multiple, large corporate health care companies, selling, primarily, a very wide array of support services for health care providers via a membership structure.

14. Defendant VZI is the owner of four intent-to-use federal trademark applications for registration, namely: (a) VIZIENT (U.S. App. Ser. No. 86/853,455) for the stylized wording for use on "Computer software used for analysis and reporting of clinical effectiveness in hospitals and health care facilities" in International Class 009 ("IC 009") and "software as a service (SAAS), featuring database management software for providing a web-based set of comparative data and analytic tools to support the clinical operations of healthcare institutions and their business partners; providing temporary use of online non-downloadable software to healthcare institutions and their business partners for evaluating and managing medical, surgical, pharmacy and other supply item cost savings opportunities and trends; providing a web-based computer platform that allows integration of hospital and physician data to monitor patient outcomes and resource utilization for specific medical conditions" in International Class 042 ("IC 042"); (b) VIZIENT (U.S. App. Ser. No. 86/823,570) for the words-only for use on "providing business management consulting services which includes clinical, financial and operational improvement services on a subscription basis to hospitals and health care providers; group purchasing services rendered to hospitals and health care providers, namely, procuring of contracts for the purchase and sale of goods and services; consulting in the fields of clinical improvement and operational improvement services rendered to hospitals, health care providers and health clinics, namely, assistance in management of hospital business activities to improve

4

clinical and operational performance; business consulting and information services in the field of purchasing of supplies, supply chain management and accounting related thereto all being rendered to hospitals and health care providers; and business research services rendered to hospitals and health care providers" in International Class 035 ("IC 035"), "educational services rendered to hospitals and health care providers, namely, developing and conducting programs and online classes in the field of clinical healthcare for medical professionals; conducting courses in continuing medical and clinical education, healthcare operations management, and conducting online exhibitions and displays and interactive exhibits in the fields of continuing medical and clinical education, human resource and healthcare operations management education" in International Class 041 ("IC 041"), and "providing information in the field of health care" in International Class 044 ("IC 044"); (c) VIZIENT (U.S. App. Ser. No. 86/853,453) for the words-only for use on "computer software used for analysis and reporting of clinical effectiveness in hospitals and health care facilities" in IC 009 and "software as a service (SAAS), featuring database management software for providing a web-based set of comparative data and analytic tools to support the clinical operations of healthcare institutions and their business partners; providing temporary use of online non-downloadable software to healthcare institutions and their business partners for evaluating and managing medical, surgical, pharmacy and other supply item cost savings opportunities and trends; providing a web-based computer platform that allows integration of hospital and physician data to monitor patient outcomes and resource utilization for specific medical conditions" in IC 042; and (d) VIZIENT (U.S. App. Ser. No. 86/823,557) for the words-only for use on "providing business management consulting services which includes clinical, financial and operational improvement services on a subscription basis to hospitals and health care providers; group purchasing services rendered to hospitals and health

5

care providers, namely, procuring of contracts for the purchase and sale of goods and services; consulting in the fields of clinical improvement and operational improvement services rendered to hospitals, health care providers and health clinics, namely, assistance in management of hospital business activities to improve clinical and operational performance; business consulting and information services in the field of purchasing of supplies, supply chain management and accounting related thereto all being rendered to hospitals and health care providers; and business research services rendered to hospitals and health care providers" in IC 035, "educational services rendered to hospitals and health care providers, namely, developing and conducting programs and online classes in the field of clinical healthcare for medical professionals; conducting courses in continuing medical and clinical education, healthcare operations management, and conducting online exhibitions and displays and interactive exhibits in the fields of continuing medical and clinical education, human resource and healthcare operations management education" in IC 041, and "providing information in the field of health care" in IC 044 (the four marks, collectively, the "Defendant's Marks" and the various services, collectively, the "Defendant's Services").

15. Upon information and belief, on or about November, 19, 2015, Defendant adopted the use of the designation "VIZIENT" for sale of Defendant's Services by advertising the merger of the prior entities to be combined together. On or about January 10, 2016, Defendant launched its website, www.vizientinc.com, using the Defendant's Marks for the first time in commerce, website screenshots of this use are attached as **Exhibit A**.

16. On February 26, 2016, Counsel for Plaintiff Vizient sent a letter to counsel for Defendant advising Defendant to cease and desist from any use of the Marks as marks or as a part thereof.  A copy of this letter is attached as **Exhibit B**.

17. Defendant's use of the Defendant's Marks has already caused confusion with Plaintiff's Marks. Daily phone calls from customers, suppliers, and other persons intended for Defendant have been received by Plaintiff, all occurring since the launch of Defendant's website bearing the name "VIZIENT" prominently. Additionally, Plaintiff has received multiple resumes, CVs, and other job application documents from individuals located throughout the nation and abroad seeking employment opportunities with Defendant. These confused attempts to contact Defendant have been regular and have sustained consistently for approximately six (6) weeks since the Defendant's website launched publicly, illustrating a pattern of confusion that is likely to persist.

18. Due to the size of Defendant and the high-consumer visibility of Defendant's Services offered, Defendant's use of Defendant's Marks is likely to cause reverse consumer confusion with Plaintiff's Marks, despite Plaintiff's prior and continuous use of the Marks. The actual confusion already occurring illustrates the likelihood of this reverse confusion.

19. Defendant's use of the Defendant's Marks on the sale, advertising, and/or marketing of the Defendant's Services is likely to cause confusion, mistake, and/or deception in the minds of relevant consumers with respect to the origin, association, source, affiliation, or sponsorship thereof (or lack thereof), with respect to Plaintiff's Marks.

20. Defendant' use of the Defendant's Marks, concerning the Marks, in commercial advertising and promotion misrepresents the nature, characteristics, qualities and origin of the Defendant's Services.

21. Defendant's use of the Defendant's Marks, concerning the Marks, in commercial advertising and promotion is likely to cause consumers to believe Plaintiff's use of the Marks

misrepresents the nature, characteristics, qualities and origin of the Plaintiff's Goods and Services, due to the likely reverse confusion.

22.     Plaintiff has been, and continues to be, injured by Defendant's unauthorized and unlawful use of the Defendant's Mark.

23.     Defendant's use of the Defendant's Mark has caused, and continues to cause, irreparable harm to Plaintiff's goodwill and reputation as the sources of the Goods and Services under the Marks.

## COUNT I

### Federal Trademark Infringement
### (15 U.S.C. § 1114)

24.     Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.     As stated above, the U.S. Patent and Trademark Office (hereinafter "USPTO") determined that the Registered Marks as used on the Registered Goods met all requirements for federal registration, including the requirement for distinctiveness, and issued the registrations.

26.     Defendant had actual notice of the Marks pursuant to 15 U.S.C. § 1072 at least as early as February 26, 2016 and have had actual notice of Plaintiff doing business under either and/or the Marks since at least as early as February 26, 2016.

27.     Defendant does not have Plaintiff's consent to use "VIZIENT" or any of the Marks in any manner, including as a trademark.

28.     Defendant's unauthorized use of "VIZIENT" as a mark in association with its services is likely to cause, or has caused, consumers to mistakenly believe that: (a) Defendant is affiliated with Plaintiff; (b) Plaintiff is affiliated with Defendant; (c) VZI's business is sponsored

or approved by Plaintiff; (d) Defendant is otherwise associated with or has obtained permission from Plaintiff to use the Marks in connection with the sale of VZI's Services as sold by Defendant; and/or (e) Plaintiff is otherwise associated with or has obtained permission from Defendant to use the Marks in connection with the sale of Vizient's Goods as sold by Plaintiff.

29. By engaging in the unauthorized activities described above, Defendant has infringed the Registered Marks, in violation of the Lanham Act and, more specifically, 15 U.S.C. § 1114, either for likelihood of confusion under a traditional "forward" confusion theory; or in the alternative, under the "reverse confusion" theory, primarily due to the size of Defendant and the high-consumer visibility of Defendant's Services offered, as illustrated the likelihood of this reverse confusion.

30. Upon information and belief, Defendant's use of VIZIENT in commerce and other activities were done with actual notice of Plaintiff's superior rights, and were, and remain, willful and intentional.

31. Defendant's willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to Plaintiff's business, goodwill, and reputation in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury and damage.

32. Plaintiff is entitled to injunctive relief against Defendant, and anyone acting in concert with Defendant, to restrain further acts of unfair competition, trademark infringement, and false designation of origin, as well as to recover Defendant's profits and actual damages suffered in an amount to be determined at trial, plus costs, and attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II

**Federal False Designation of Origin, False Description, and Likelihood of Confusion**
**(15 U.S.C. § 1125(a))**

33. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Defendant, by and through its knowing and intentional unauthorized use of the VIZIENT Mark in association with the Defendant's Services, has and continues to falsely designate its goods and services as being derived from or affiliated with the Services of Plaintiff as sold, advertised, marketed, and distributed under the Marks.

35. Defendant's knowing and intentional unauthorized use of "VIZIENT" as a mark in association with its services, is likely to cause, or has caused, consumers to mistakenly believe that: (a) Defendant is affiliated with Plaintiff; (b) Plaintiff is affiliated with Defendant; (c) VZI's business is sponsored or approved by Plaintiff; (d) Defendant is otherwise associated with or has obtained permission from Plaintiff to use the Marks in connection with the sale of VZI's Services as sold by Defendant; and/or (e) Plaintiff is otherwise associated with or has obtained permission from Defendant to use the Marks in connection with the sale of Vizient's Goods as sold by Plaintiff.

37. Upon information and belief, Defendant's use of the VIZIENT Mark in commerce and other activities were, and remain, willful, knowing, and intentional.

36. By engaging in the unauthorized activities described above, Defendant has infringed the Plaintiff's Marks, in violation of the Lanham Act and, more specifically, 15 U.S.C. § 1125, either for likelihood of confusion under a traditional "forward" confusion theory; or in the alternative, under the "reverse confusion" theory, primarily due to the size of Defendant and

the high-consumer visibility of Defendant's Services offered, as illustrated the likelihood of this reverse confusion.

38. Defendant's willful, knowing, and intentional acts of unfair competition, trademark infringement, and false designation of origin, have caused and are causing great and irreparable injury and damage to Plaintiff's business and its goodwill and reputation in an amount that cannot be ascertained at this time, and, unless restrained, will cause further irreparable injury and damage.

39. Plaintiff is entitled to injunctive relief against Defendant, and anyone acting in concert with Defendant, to restrain further acts of unfair competition, trademark infringement, and false designation of origin, and, after trial to recover any damages proven to have been caused by reason of Defendant's aforesaid acts, and to recover Defendant's profits and actual damages suffered in an amount to be determined at trial, plus costs, and attorney fees pursuant to 15 U.S.C. § 1117.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

(1)  A preliminary injunction enjoining Vizient, Inc., its employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries and assigns from:

   (a)  imitating, copying, using, reproducing, registering, attempting to register, and/or displaying "VIZIENT" or any other mark, designation or variation that is confusingly similar to "VIZIENT;"

   (b)  using any other false description or representation or any other identifier calculated to or likely to cause confusion, deception, or mistake in the marketplace with regard to the Marks; and

(c) making any false representations concerning the Marks and the Registered Marks.

(2) An order directing Defendant to remove all use of VIZIENT, including hidden metadata on a web site at www.vizientinc.com, that infringes upon any of Plaintiff's Marks and/or Registered Marks;

(3) An order directing Defendant to file with the Court with service upon Plaintiff's counsel within thirty (30) days after entry of such order, a verified report setting forth the manner and form in which Defendant has complied with the preliminary injunction;

(4) An order awarding Plaintiff all damages sustained under 15 U.S.C. § 1117(a) in an amount to be proven at trial, including lost profits;

(5) An order awarding pre-and post judgment interest;

(6) An award of Plaintiff's attorneys' fees, expenses and costs incurred herein;

(7) A trial by jury; and

(8) All other relief to which Plaintiff may be entitled or the Court may deem appropriate.

Respectfully submitted,

_____
JAY R. HAMILTON
COUNSEL FOR PLAINTIFF
VIZIENT, L.L.C. d/b/a VIZIENT MANUFACTURING SOLUTIONS